**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**SHIRLEY MEARS DAVIS,**

**Petitioner,**

**v.** **Case No. 5:26cv215-AW/MAF**

**MICHAEL A. BRYANT,**
**Sherriff, et al.,**

**Respondents.**
**_______________________/**

## REPORT AND RECOMMENDATION

On July 31, 2026, Petitioner Shirley Mears Davis filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 at 1-8. She also filed "Attached Answers to AO-242 Form Petition for Emergency Writ of Habeas Corpus with Temporary Restraining Order," ECF No. 1 at 9-14; a "Petition for Writ of Habeas Corpus Estoppel – 28 U.S.C. § 2241 with Emergency Motion for Emergency Temporary Restraining Order," ECF No. 1 at 15-34; a "Notice of Federal Writ of Habeas Corpus Filing and Emergency Motion for Temporary Restraining Order," ECF No. 1 at 35-36; and an "Appendix and Exhibits," ECF No. 1 at 37-40, ECF No. 1-1. Petitioner paid a $5.00 filing fee. *See* ECF No. 1.

Petitioner Davis did not fully complete the § 2241 petition form. *See* ECF No. 1 at 1-8. Indeed, **no grounds are raised or relief requested on the petition itself**. *See id*.

In the "Attached Answers," Petitioner Davis indicates she is "[n]ot currently confined – under constructive custody of expired ITP [(Incompetent to Proceed)] conditional release." ECF No. 1 at 9. She further indicates she "is on expired ITP conditional release under Case No. 072023CF000003CFAXMX . . . issued October 10, 2023 for a period not to exceed one year pursuant to §916.17, Fla. Stat." *Id*. at 10. Petitioner Davis asserts:

> The one-year period expired October 10, 2024. The case was closed on October 10, 2023. No extension order was entered. The State continues to treat the expired conditions as operative and has threatened arrest for non-compliance with a July 21, 2026 psychiatric order.

*Id*. Petitioner Davis indicates she challenges a decision by the Circuit Court for the Fourteenth Judicial Circuit:

> Filing #252921959 – Order Permitting Re-Examination – July 21, 2026 – void on 12 independent grounds including: Campbell lacks circuit court authority; ITP conditional release expired October 10, 2024; FDLE certified felony case concluded October 10, 2023; §916.145 mandatory dismissal triggered; no Sell v. United States analysis conducted; order cites §6.15(1) – a nonexistent statute

*Id*. She also indicates "other" challenges include:

(1) Filing #252921959 – Order Permitting an Expert to Conduct a Re-Examination to Determine Competency – signed July 21, 2026 by Timothy C. Campbell, a Bay County Court Judge without circuit court authority;

(2) constructive custody under expired ITP conditional release conditions;

(3) failure to enter mandatory dismissal under § 916.145 after at least 9 non-restorability reports from Life Management Center since June 2025; and

(4) imminent threatened arrest documented in writing by appointed conflict counsel on July 27, 2026.

*Id*. Petitioner Davis indicates the docket/case numbers involved are "072023CF000003CFAXMX (felony UPL) and 072025CT000052CTAXMX (traffic)." *Id*. She indicates the grounds for her challenge in the § 2241 petition:

(1) Compelled psychiatric evaluation without Sell v. United States analysis – Fourth and Fourteenth Amendment violations, *id*. at 11;

(2) Indefinite constructive custody after documented non-restorability – Due Process violation – Jackson v. Indiana, *id*. at 12;

(3) Constructive custody under expired ITP conditional release – §917.17 – Fourteenth Amendment, *id*.;

(4) "Void evaluation order – 12 independent jurisdictional defects – Fifth, Sixth, and Fourteenth Amendment violations," *id*.

As relief, she indicates she wants the Court to:

(1) Issue an immediate temporary restraining order (TRO) "restraining all Respondents from executing any arrest, detention, evaluation, or coercive act against Petitioner pending resolution," *id*. at 13.

(2) "Issue Writ of Habeas Corpus declaring Petitioner discharged from constructive custody," *id*.

(3) "Declare Filing #252921959 void on each of the 12 grounds stated herein," *id*.

(4) "Declare Case No. 072023CF000003CFAXMX legally concluded October 10, 2023," *id*.

(5) "Declare Case No. 072025CT000052CTAXMX void from inception and forever discharged," *id*.

(6) Order the state to show cause why §916.145 mandatory dismissal has not been entered," *id*.

(7) "Declare the October 9, 2025 Zoom direct contempt order void," *id*.;

(8) "Grant such other and further relief as this Court deems just and proper," *id*.

As she did on the § 2241 petition form itself, she signed the "Attached Answers" after an oath, with her last name first and with a note "w/o recourse." *Id*. at 14; *see id*. at 8.

On September 4, 2026, Petitioner Davis filed a "Renewed Emergency Motion for Immediate Ruling on Pending Motion for Temporary Restraining Order" and "Consolidated Notice of New Evidence and Changed Circumstances." ECF No. 5. In this filing, Petitioner asserts she has pursued

relief through ten (10) state court proceedings and "[n]ot one court has reviewed the constitutional merits of the documented violations." *Id*. at 3. She asserts, among other things, "[t]he continued void proceedings – including a pretrial hearing scheduled for September 9, 2026 – make immediate federal intervention necessary to protect Petitioner's rights under the First, Sixth, and Fourteenth Amendments to the United States Constitution." *Id*. at 2.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings before the Court show the petition should be dismissed and the emergency motion for temporary restraining order should be denied. *See* Rule 4, R. Gov. § 2254 Cases.

## **Analysis**

Pursuant to 28 U.S.C. § 2241(a), a state pre-trial detainee may challenge his or her confinement as unconstitutional by petitioning for habeas corpus relief. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir.2004) (holding pre-trial petition for habeas corpus relief is properly

brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of present status of case pending against petitioner); *see* Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir.2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Habeas relief may be granted only if remedies have been exhausted. *See* 28 U.S.C. § 2254(b). A habeas petitioner has not exhausted remedies if she still has the right to raise the issue in state court. *See id.*; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). To properly exhaust state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845.

In this case, considering the information Petitioner Davis has provided in the "Attached Answers," and her exhibits, the state court proceedings are ongoing. *See* ECF No. 1, ECF No. 5. *See, e.g.*, ECF No. 1-1 at 83 (Court Progress Report dated July 6, 2026, referring Davis for a Competency Evaluation and a Judicial Review in case 072023CF000003CFAXMX); ECF

No. 5-1 at 18 (order from First DCA issued August 31, 2026, in case 1D2026-1397, directing Davis to serve a copy of a filing on State Attorney and Attorney General in lower court cases 072023CF000003CFAXMX, 072025CT000052CTAXMX, within 10 days); ECF 5-1 at 26 (Notice of [Pretrial] Hearing set for September 9, 2026, in cases 072023CF000003, 072025CT000052, in Calhoun County Circuit Court). Given that the proceeding in the First DCA has not yet concluded, see ECF No. 5-1 at 18, it does not appear Davis has exhausted her state remedies.

Moreover, in another case in this Court, No. 5:25cv152-TKW/MJF, which Petitioner Davis references, ECF No. 1-1 at 71, she sought to remove to this Court four state court cases, including Calhoun County Circuit Court Case Numbers 2023-CF-1460, in which she was charged with the unauthorized practice of law (UPL), a felony, and on October 10, 2023, declared incompetent to proceed, and 2025-CT-52, in which she was charged with four misdemeanors (one count of driving while license suspended or revoked, two counts of refusing to sign traffic citation, and on count of attached tag not assigned to vehicle). State of Fla. v. Davis, 5:25cv152-TKW/MJF, ECF No. 7 (Report and Recommendation). On August 4, 2025, the district judge adopted the Report and Recommendation and remanded the cases to the state courts from which they were removed.

*See id*. ECF No. 10 (Order). The warrant for her arrest for the UPL charges indicates it is "UCN: 072023000003CFAXMX," *id*. ECF No. 1-3 at 11, the same as one of the case numbers Davis lists in this habeas case. Likewise, the misdemeanor traffic case number, 2025-CT-52, appears the same as the other case number she lists in this § 2241 filing, 072025CT000052CTAXMX.

Pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), federal courts will not interfere with pending state criminal proceedings absent the existence of very narrow circumstances. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state forum

exists in which to raise the constitutional issues. Younger, 401 U.S. at 45–49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable here. Petitioner Davis has not made a "substantial allegation" showing the state prosecution is motivated by bad faith, nor has she alleged sufficient facts to show irreparable injury would occur. *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).

Further, Florida state courts have adequate and effective procedures for reviewing Petitioner's claims. Accordingly, this Court should abstain from reaching the merits of any claims presented regarding the pending state court cases. *See, e.g.*, Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("Younger itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir.

2005) ("Younger abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions."); Coley v. Clinton, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding Younger abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition, ECF No. 1, be **DISMISSED** on Younger grounds and the motion for a temporary restraining order, ECF Nos. 1 at 15-36 and ECF No. 5, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473,

483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, ECF No. 1, be **DISMISSED** on Younger grounds and the motion for a temporary restraining order, ECF Nos. 1 at 15-36 and ECF No. 5, be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**